solidated Gas Company. F. E. Fishel, for appellant. L. Semple, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

BRADY, Respondent, v. MUTUAL RESERVE LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 2, 1903.) Action by Andrew J. Brady against the Mutual Reserve Life Insurance Company.

PER CURIAM. Judgment reversed, with costs. Held, that the plaintiff waived his right to object to the policy upon the ground that the date thereof did not conform to the date of the application therefor.

---

BRAUER v. OCEANIC STEAM NAV. CO. (Supreme Court, Appellate Division, First Department. May 22, 1903.) Action by William A. Brauer against the Oceanic Steam Navigation Company. I. D. Warren, for plaintiff. E. P. Wheeler, for defendant. No opinion. Exceptions overruled, and judgment ordered on verdict, with costs.

---

In re BRAUN. (Supreme Court, Appellate Division, First Department. May 8, 1903.) In the matter of John A. Braun, as assignee of Isidor Bremer. No opinion. Order affirmed, with costs.

---

In re BRAUN. (Supreme Court, Appellate Division, First Department. June 19, 1903.) In the matter of John H. Braun. No opinion. Motion denied, with $10 costs.

---

BRENNAN v. PINELLI. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) Action by Michael Brennan against Liberato Pinelli. Judgment for plaintiff, and defendant appeals. Affirmed. Frederick W. Hottenroth, for appellant. John R. Halsey, for respondent.

HIRSCHBERG, J. The defendant was the owner of a house and lot in the borough of the Bronx until the 15th day of November, 1900. On that date the title of the property was vested in the city of New York by virtue of statutory proceedings duly taken to open and widen a public highway known as the "White Plains Road," and thereafter the building became and remained an incumbrance upon the street, the removal of which was, by the terms of section 383 of the amended charter (chapter 466, p. 1, Laws 1901), within the cognizance and control of the president of the borough. The defendant and his family continued to occupy the property after the title had been acquired by the city, and on the 2d day of April, 1902, the building was sold under the direction of the president of the borough at public auction to the plaintiff. The defendant thereafter refused to vacate the building, or to deliver up possession, or to permit the plaintiff to remove it, until August 19, 1902, although a proper demand was made on April 3d, the day after the purchase, and notwithstanding he had full knowledge of the plaintiff's rights in the premises. The defendant makes no claim of right, but bases his appeal altogether upon technical objections to the plaintiff's title and to the legal proceedings taken for the enforcement of the latter's rights. We do not find any of them sufficient to justify a reversal. The case seems a proper one for the application of the ordinary rule of damages by which an injured party is made whole. The court was justified in finding that the plaintiff could have rented the building in its then condition when removed, and has awarded to the plaintiff such rental for the period during which he was deprived of the same by the defendant's wrongful act, together with special damage by way of additional expense in the removal occasioned by such act. Under the peculiar circumstances of the case, and in view of the theory upon which it was tried on both sides, the measure of damages applied may be upheld as just and equitable, and no point is made in reference to it which requires our interference with the result. The judgment should be affirmed. Judgment of Municipal Court affirmed, with costs. All concur.

---

BRENNAN, Appellant, v. SECOND NAT. BANK OF OSWEGO, N. Y., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by John Brennan against the Second National Bank of Oswego, N. Y. No opinion. Judgment and order affirmed, with costs.

---

BRICK, Respondent, v. AUTOMOBILE CLUB OF AMERICA et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 28, 1903.) Action by John E. Brick against the Automobile Club of America and Albert R. Shattuck, impleaded with others. No opinion. Order affirmed, with $10 costs and disbursements.

---

BRIDGEWOOD, Respondent, v. BROWN et al. (PELHAM, Appellant). (Supreme Court, Appellate Division, Fourth Department. May 12, 1903.) Action by Charlotte A. Bridgewood against Frank H. Brown and others. No opinion. Judgment and order affirmed, with costs.

---

BRIGGS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 19, 1903.) Action by Florence Briggs, by guardian, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

---

BRIGGS, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June